UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 07-391-HRW

LINDA WOOTEN,                                                            PLAINTIFF,

v.            **<u>MEMORANDUM OPINION AND ORDER</u>**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on January 30, 2000, alleging disability beginning on August 21, 1990. In her background questionnaire, she explained why she contends she is unable to work:

> I can't stand up long enough and I can't hardly see my eyes are getting a little bad and my back ache and my arms ach [sic] and I had surgery on my right breast and I going haft [sic] to have a ceist [sic] remove from the other one the left breast.

(Tr. 103).

This application was denied initially, on reconsideration and by hearing decision dated September 25, 2001.

On December 24, 2003, the United States District Court for the Eastern District of Kentucky remanded the case for further proceedings (Tr. 82-90). On January 24, 2005, another unfavorable decision was issued (Tr. 39-49). The Appeals Council then remanded the matter for further proceedings (Tr. 71-74).

On October 30, 2006, an administrative hearing was conducted by Administrative Law Judge Roger Reynolds (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Jackie Rogers, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.

2

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 2, 2007, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-20).

Plaintiff was 36 years old at the time of the hearing decision. She has a limited education and no past relevant work.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 18).

The ALJ then determined, at Step 2, that Plaintiff suffered from non-insulin dependent diabetes mellitus, obesity, chronic obstructive pulmonary disease secondary to nicotine abuse, low back pain, pedal edema, hypertension, borderline

intellectual functioning, estimated and peripheral neuropathy by report, which he found to be "severe" within the meaning of the Regulations (Tr. 18-20).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20).

The ALJ further found that Plaintiff has the residual functional capacity ("RFC") to perform a restricted range of medium work (Tr. 20).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 11, 2007 (Tr. 8-11).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 15 and 16] and this matter is ripe for decision.

### III. ANALYSIS

A.  **Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

B.  **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) her impairments meet or equal Section 12.05 of the Listing of

Impairments and (2) the testimony of the VE was not appropriate.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that her impairments meet or equal Section 12.05 of the Listing of Impairments.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL

420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet **all** the requirements specified in the Listing." *Id*. (emphasis added). This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530. In other words, it is insufficient for a claimant to almost meet the requirements of a listed impairment. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986).

    Listing 12.05 provides in pertinent part:

> 12.05 *Mental retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C or De are satisfied.
> . . . .

In order to fall within Listing 12.05, Plaintiff must first show that she has "significantly subaverage general intellectual functioning with deficits in adaptive functioning" which "initially manifested during the developmental period." Plaintiff has not done so. Not a single source of record, treating or otherwise, has diagnosed Plaintiff with mental retardation or noted significant mental deficit Indeed, Christopher Catt, Psy.D., the only medical professional of record to

specifically test and evaluate Plaintiff's intellectual functioning, found no diagnosis (Tr. 357).   Thus, Plaintiff failed to satisfy the threshold requirement of Listing 12.05.

Nor does Plaintiff meet the severity requirements set forth in Subpart C, which requires:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.

The record does not contain a valid IQ score of 60 through 70.   The only test scores of record were provided by Dr. Catt..  Although various tests conducted by Dr. Catt yielded low scores, Dr. Catt found Plaintiff's effort to be "poor" an, thus, the results are not truly representative of her cognitive abilities.

Plaintiff maintains that her school records contain qualifying IQ scores and had Dr. Catt been provided with those records, he "may have changed his opinion" regarding the validity of the IQ scores.    Plaintiff's argument lacks merit.   The relevant regulations require IQ test results to be sufficiently current, in this case, within 2 years.  20 C.F.R. pt. 404, subpt. P, app. 1 § 112.00D10.  The scores upon which Plaintff relies are not "current" because Plaintiff was sixteen years or

8

younger when tested.

The Court, having reviewed the record, finds no credible evidence which would meet the requirements of Listing 12.05. The ALJ correctly determined that Plaintiff is not disabled at Step 3.

Plaintiff's second claim of error is that the testimony of the VE was not appropriate. First, Plaintiff claims that the hypothetical posed to the VE by the ALJ was incomplete because it did not include limitations pertaining to independent planning or the setting of goals.

Plaintiff's contention of error falls short in that she has not demonstrated that the jobs identified by the VE require independent planning or the setting of goals. As such, she cannot claim prejudice.

Moreover, the ALJ included the limitations of simple, repetitive, 1-2-3 step procedures and the limitation of no complex problem solving (Tr. 472). These limitations are essentially consistent with the ALJ's opinion of limited ability to plan independently and set goals.

Plaintiff also argues that the VE's testimony that she can perform the jobs of inspecting, grading, sorting and bench assembly is inconsistent with the descriptions of those jobs in the Dictionary of Occupational Titles, U.S. Dept. Of

Labor, § 359.677-018 (4th ed. 1991) ("DOT").

Again, Plaintiff's argument lacks merit. At the hearing, the ALJ asked the VE if his testimony was consistent with the DOT and the VE. To which the VE responded, "[y]es sir, with the exception that the DOT did not survey jobs based upon the ability to sit and stand" (Tr. 475). Yet, Plaintiff did not challenge the VE's testimony. Nor did his counsel.

More importantly, Plaintiff has not shown any material inconsistency between the VE's testimony and the DOT. For example, Plaintiff points out that the DOT description of the jobs identified by the VE require a higher reading and writing ability than that possessed by Plaintiff. However, Plaintiff's argument is based upon her contention that she can only perform at a third grade level and is, thus, essentially illiterate. This claim is not supported by the record. The only evidence which could possibly support Plaintiff's claim of illiteracy is the WRAT-3 score obtained during Dr. Catt's evaluation. As discussed *supra*, those scores were not credible.

The Court having reviewed the record finds that the VE's testimony was appropriate and that the ALJ did not err by relying upon it.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence

10

on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This August 25, 2008.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge